CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

SEP 29 2016

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| BRANDON THOMAS,<br>　　Petitioner, | ) ) ) | Civil Action No. 7:16-cv-00424 |
| v. | ) ) ) | **MEMORANDUM OPINION** |
| WARDEN, U.S.P. LEE,<br>　　Respondent. | ) ) | By:　Hon. Michael F. Urbanski<br>　　　United States District Judge |

Brandon Thomas, a federal inmate proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner complains that an on-going federal criminal investigation of his alleged acts in prison has caused him to be unduly housed in administrative segregation. This matter is before the court for preliminary review, pursuant to Rules 1(b) and 4 of the Rules Governing § 2254 Cases. After reviewing petitioner's submissions, the court dismisses the petition without prejudice because Petitioner's claims do not sound in habeas relief.

The court must "focus[] on the need to ensure that . . . prisoners use only habeas corpus . . . remedies when they seek to invalidate the duration of their confinement—either directly through an injunction compelling speedier release or indirectly through a judicial determination that necessarily implies the unlawfulness of the . . . custody." Wilkinson v. Dotson, 544 U.S. 74, 81 (2005); see, e.g., Preiser v. Rodriguez, 411 U.S. 475, 499-500 (1973). None of Petitioner's complaints affect the length of his sentence. Even if Petitioner was released from administrative segregation, the overall duration of his incarceration would not change. Accordingly, Petitioner fails to establish an entitlement to habeas relief via § 2241, and the court dismisses the petition without prejudice.

ENTER: This 29th day of September, 2016.

/s/ Michael F. Urbanski
United States District Judge